The opinion of the Court was delivered by
Mr. Justice Colcock.
On the first ground, I held it immaterial whether the person with whom the contract was made was the wife of the plaintiff or not; because the contract was afterwards confirmed by the plaintiff himself, and the money actually paid to him. It then became his contract: and there is such a privity between the plaintiff and defendant as will support the action.
On the second ground, I am of opinion that defendant having hired the negro of the plaintiff, he thereby acknowledged his right of property, and that he cannot now be permitted to question it. There is a strong analogy between this case and the case of a landlord and tenant: it is a universal rule, that a tenant shall not be permitted to set up an objection to the title of his landlord under whom he holds, This is not a mere technical rule, hut one founded in public convenience and policy, Strange, 818; 1 Modern, 411; Lord Raymond, 1550: and in my mind, the principle of policy and convenience applies ae strongly, (if not more so,) to personal as to real property; possession is prima fads evidence of a right. In this case, the long possession war* *377 more than prima facie evidence; for, except as to minors, it was such as would have established a complete title in the plaintiff. Possession being so important, such an artifice cannot be ted to divest one of it. Again, as a rule of public convenience and policy, it should apply; for otherwise no degree of human prudence or foresight would be sufficient to protect the rights of our citizens. In fact, to permit the defendant to question the right of the plaintiff, would be to permit him to take advantage of his own wrong, in the fullest extent; but I conceive it might be admitted, without prejudice to the case, that the negro was not the plaintiff’s, for the action is for a breach of warranty in not returning him. The negro, however, was the plaintiff’s. On the third ground, I am of opinion that the charge of the Judge was correct; the Jury were bound to take into consideration the loss of the labour of the negro. It constituted as just and legal a ground for damages as the value of the negro, and is inseparably connected with it. The action is assumpsit for a breach of warranty, and the immediate injury resulting from this breach was to be compensated; for the loss of the negro involved the loss of labour. I take it for granted,* that the Jury were satisfied with the testimony of the witness, who said, he understood the negro was to be returned; but if that evidence had not been given, I, am of opinion that the hiring for a particular purpose, implied *378 a warranty to return the negro, when the purpose was answered, or in a reasonable time, rj-^ ¿jeman(j was made after the defendant returned from town, and no reason assigned why the return was not made. On the last ground, I think the testimony conclusive. The demand was proven to have been made in 1806. The hiring was then acknowledged, and the money paid; the action was not brought until 1814. It is, therefore, clear that the cause of action did exist before the action brought. Upon the whole, I think the plaintiff entitled to recover. It is obvious, that the defendant had entered into a combination with the pretended owner of the negro, to gain the possession of him: he resorts to a most dishonourable mean of accomplishing his object; and his own expression, “ That he would be a d — n fool, who would not carry a negro to Chester for half his worth,” leaves no room to doubt that he was remunerated for the fraud. I am, therefore, against the motion.
Grimké, Bay, JYott, and Johnson, J. concurred.